*LAND & HOME*

# LEASE PURCHASE AGREEMENT

**THIS AGREEMENT** entered into on this the **21** day of **August** , 2013, by and between Beacon National Inv. Group, hereinafter referred to as "Seller/Lessor" and **Joseph E Martin Gaynell Martin** , hereinafter referred to as "Purchaser/Lessee." The parties do hereby contract and agree as follows:

**SELLER/LESSOR** hereby agrees to Lease to Purchaser/Lessee the land situated in **Harrison** County, State of Mississippi, more particularly described, as follows (hereafter "the Leased Property"):

**18271 Simmons Dr Saucier, MS 39574 parcel ID # 0601-36-015.36**

**2003 Cavalier 28x48 S/N BC04AL0133271AB**

***(This Agreement supersedes any and all Agreements made prior to the date listed above)***

1) The Lease Purchase price of **$65,900.00** sixty five thousand nine hundred shall be paid by Purchaser/Lessee as follows:

OWE 1,000.00 3-8-14

a. Purchaser/Lessee has deposited the sum of **$8,000.00** as a non-refundable deposit. Said deposit shall be credited to the Purchaser/Lessee as partial payment of the lease purchase price in the event that Purchaser/Lessee fulfills all of the terms and conditions set forth herein. In the event that Purchaser/Lessee shall fail to fulfill any term or condition mentioned herein, Purchaser/Lessee shall forfeit said deposit as liquidated damages to Sellor/Lessor as partial remedy for Purchaser/Lessees breach.

b. The balance of the Lease Purchase Price **$57,900.00** shall be paid by the Purchaser/Lessee to Seller/Lessor in equal monthly installments of **$578.91** for a period of **216** months, including interest at a rate of **10.00%** per annum until the total lease purchase price is paid in full. Monthly installments shall be paid on the first day of each and every month thereafter until paid in full.

c. During the term of this contract, Purchaser/Lessee shall pay all taxes and assessments against the Leased Property and shall pay for hazard insurance coverage in an amount of **$40,000.00** with Seller/Lessor as loss payee. The Purchaser/Lessee shall be responsible for obtaining "Renters Insurance" for personal belongings.

d. The first monthly payment shall be due on the 1st day of ~~October~~ December , 2013 and shall be due on the 1st of each month thereafter. All payments are to be made to Blake Barnes at the following address:

**P O Box 2407 Gulfport, MS 39505**

It is understood and agreed that the time of payments is an essential part of the contract. In the event that payment is not received by the 5th day of each and every month, Purchaser/Lessee shall pay a charge equal to ten percent (10%) of the past due amount for administrative and late fees. If at any time Purchaser/Lessee shall become 30-days or more in arrears, Purchaser/Lessee shall forfeit all sums paid to Seller/Lessor under this contract and all such sums paid shall constitute rental payments and Seller/Lessor shall have the immediate right to re-enter and take possession of the property without demand or notice.

moved in on 11/28/13.

INITIALS J.M., GM,

2) In the event that Purchaser/Lessee shall make all the payments and perform all other convenants mentioned herein to be performed, the Seller/Lessor hereby covenants and agrees to convey to the Purchaser/Lessee in fee simple, clear of all encumburances by good and sufficient title to the above described property. All parties understand and agree that until such time as Seller/Lessor shall convey to Purchaser/Lessee a fee simple title as described herein, Purchaser/Lessee possesses no ownership interest in the property.

3) In the event that the Purchaser/Lessee fails, for any reason whatsoever, to perform any of the covenants herein, this agreement shall be terminated by Seller/Lessor and the Purchaser/Lessee shall forfeit all payments made on this Contract, and such payments shall be retained by the Seller/Lessor as rental payments and Seller/Lessor shall have the right to re-enter and take possession of the premises without being liable to any action to enforce any of his rights herein, Purchaser/Lessee agrees to pay Seller/Lessor's attorney fees and costs of court should Seller/Lessor prevail.

4) Purchaser/Lessee covenants and warrants that no illegal drugs of any kind or character shall be allowed on the premises, (illegal drugs is hereindefined as any substance that would be considered illegal under Mississippi law as interpreted by Seller/Lessor in his solediscretion). Purchaser/Lessee covenants and agrees that illegal substances on the premises constitute a material violation of the Contract and should any illegal substances be found on the premises, Purchaser/Lessee shall immediately vacate the premises without any written notice from the Seller/Lessor. Purchaser/Lessee understands, agrees and covenants that in the event of breach under this section, paragraph #3 of this lease shall apply and no moneys shall be returned to Purchaser/Lessee.

5) Purchaser/Lessee shall not cause any damage to the exterior or interior of the subject property, including but not limited to drywall, carpeting, fixtures, or any other items inside or outside the premises. In the event that any damage arises during the time that Purchaser/Lessee occupies the subject premises and such damage is caused by Purchaser/Lessee's acts or omissions, including acts of third parties at Seller/Lessor's sole discretion, Seller/Lessor may deem the Purchaser/Lessee in material breach of contract in violation of the covenants contained herein and terminate the agreement according to the provisions contained in Paragraph #3.

6) Purchaser/Lessee covenants and agrees that the premises shall be maintained in a manner that is aesthetically pleasing to the neighbors and to Seller/Lessor. Accordingly, Purchaser/Lessee covenants and agrees to the following:

   a. Maintain the yard;
   b. Maintain the home, including but not limited to repairs as needed to roof, plumbing, electrical, masonry, foundation and all other items, and keep all appliances, fixtures and other items such as stove, refrigerator, air conditioning unit and/or any other fixture or appliance in proper working order and in good working condition;

7) If "Restrictive Covenants" are in force, Purchaser/Lessee acknowledges that they have received a copy prior to signing this agreement. Purchaser/Lessee agrees and acknowledges that said covenants are binding upon the Purchaser/Lessee and are incorporated into this Agreement as if they had been fully set forth herein. Purchaser/Lessee acknowledges that a violation of any of the "Restrictive Covenants" constitutes a material violation of the lease, upon which Purchaser/Lessee

shall forfeit all rights under the contract and immediately vacate the premises without notice.

8.) It is the sole responsibility of the Purchaser/Lessee to confirm that zoning will allow Manufactured Homes to be placed on the Property in which the home will be delivered to. Any and all permit fees or any other fees pertaining to the city or county permitting the manufactured home shall be paid by the Purchaser/Lessee outside of this agreement. In the event that the

INITIALS: JM, GM, ______

Seller/Lessor transports the Manufactured Home to the property in which the Purchaser/Lessee plans on placing the Manufactured Home on and a permit cannot be provided, the Purchaser/Lessee shall forfeit the down that the Purchaser/Lessee has given to the Seller/Lessor to be used to cover any and all expenses associated with the transportation and delivery cost of this Manufactured Home.

9) During the term of this Agreement, Purchaser/Lessee shall not make any alterations or changes to the Leased Property without first obtaining express written consent of Seller/Lessor.

10) Purchaser/Lessee agrees and covenants to allow Seller/Lessor to conduct an inspection of the premise on not less than semi-annually. Said inspection shall take place during normal business hours, Monday through Friday, unless other arrangements are made, upon 48-hours notice to Purchaser/Lessee by Seller/Lessor.

11) It is understood and agreed by all parties that Seller/Lessor has made all representations regarding the condition of the property and there are no warranties of any kind, limited, expressed or implied and the Purchaser/Lessee is accepting the above mentioned property in its "As Is" condition.

12) **Purchaser/Lessee shall not assign this agreement to any other party. Purchaser/Lessee shall not sublet the premises to anyone for any reason.**

13) If Purchaser/Lessee shall make default in the payment of the monthly installments, or any part thereof or any other sums due under the terms hereof, when due as herein provided, or in any of the other covenants, agreements, conditions or undertakings herein contained, and such default shall continue for thirty (30) days, or if (a) any proceeding under the bankruptcy act of the United States is begun by or against the Lessees, and an order of adjudication, or order approving the petition, be entered in such proceedings, or (b) a receiver or trustee is appointed for substantially all of the Lessee's business or assets or (c) if Lessees shall make an assignment for the benefit of creditors, or (d) if Lessees shall vacate or abandon the leased property, then, and in any such event, it shall be lawful for the Lessor, at it's election, to declare the term hereof ended and to re-enter the leased property, and to repossess and enjoy the leased property and any buildings and improvements situated thereon without such a re-entry and repossession working a forfeiture of the rents to be paid and the covenants to be performed by the Lessee during the full term of this agreement. If any default shall be made in any covenant, agreement, condition, or undertaking which cannot with due diligence be cured within a period of 10 days, and if notice thereof in writing shall commence to satisfy the cause of such default and shall proceed diligently and with reasonable dispatch to take all steps and do all work required to cure such default, then the Lessor shall not have the right to declare said term ended by reason of such default; provided, however, that the curing of any default in such manner shall not be construed to limit or restrict the right of Lessor to declare the said term ended and enforce all of their rights and remedies hereunder for any other default not so cured.

The foregoing provision for the termination of this lease for any default in any of its covenants shall not operate to exclude or suspend any other remedy of the Lessor for breach of any of said covenants, or for the recovery of said rent for the full term, and in the event of the termination or default in any of the terms of this lease as aforesaid, the Lessee covenants and agrees to indemnify and save harmless the Lessor from any loss arising from such default, termination and/or re-entry in pursuance thereof including the payment of Lessor's reasonable attorneys fees incurred int the enforcement of any of the terms hereof.

14) Time is of the essence in the performance of all duties, obligations, and responsibilities under the term of this lease.

15) **IT IS FURTHER AGREED BY THE PARTIES THAT THIS CONTRACT SHALL NOT BE RECORDED. IF THIS CONTRACT IS RECORDED CONTRARY TO THE ABOVE PROVISION, THEN ANY EXISTING BALANCE SHALL BECOME DUE AND PAYABLE.**

INITIALS JM, GM, ____

16) All notices given pursuant to the terms of this lease shall be deemed given and received five (5) days after mailing postage prepaid, certified mail, return receipt requested, to **Beacon National Inv Grp** if to the Purchaser/Lessee and to **Joseph E Martin & Gaynell Martin** if to the Seller/Lessor.

So agreed this **21** day of **August**, **2013**

X Joseph E Martin

**Purchaser/Lessee- Joseph E Martin**

**Social Security Number**

X Gaynell Martin

**Purchaser/Lessee- Gaynell Martin**

**Social Security Number**

**228-861-4109**

**Phone- Joseph E Martin**

-

**Phone- Gaynell Martin**

C. Wineberger

**Officer/Director/Manager**

**Beacon National Investment Group**
**228-832-4250**

***Please initial the bottom, right corner of all pages.***

***<u>Please provide a copy of each of the Purchaser/Lessee's Driver's License</u>***

# ASSIGNMENT AND ASSUMPTION OF LEASE PURCHASE AGREEMENTS

This Assignment and Assumption of Lease Purchase Agreement (herein "Assignment") is made and entered into by and between **BEACON NATIONAL INVESTMENT GROUP, INC. and MARVIN J. "BLAKE" BARNES** (hereinafter collectively referred to as "Seller"), and **HEATH JENKINS, NATHAN LOTT and AMERICAN CREDIT CORPORATION OF MISSISSIPPI, LLC** (hereinafter collectively referred to as "Purchaser")

## RECITALS:

A Seller and Purchaser have entered into that certain Agreement for Purchase and Sale of Assets with an effective closing date of the 3rd day of November, 2014 (herein "Contract"), for the purchase and sale of that certain real property and improvements thereto in various counties in the state of Mississippi and Alabama, described on Exhibit "A" attached hereto and made a part hereof for all purposes (the "Property"); and,

B. The Contract provides for the (I) delivery by Seller to Purchaser of an Assignment and Assumption of Contracts (the "Lease Purchase Agreements) conveying and assigning the Lease Purchase Agreements to Purchaser and, (ii) the assumption by Purchaser of all obligations of Seller under the Lease Purchase Agreements from the date hereof.

NOW, THEREFORE, in consideration of the premises and conditions contained herein, the consideration set forth in the Contract, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Seller hereby ASSIGNS to Purchaser all rights, title and interest of Seller as lessor in, to an under the Lease Purchase Contract, are more particularly described on Exhibit "B" attached hereto and made a part hereof for all purposes, together with all rentals, and other payments arising therefrom from and after the date hereof, and the Purchaser accepts same and ASSUMES all of Seller's obligations under the Lease Purchase Agreements as more fully set out in each Agreement.

2. The Assignment of the Lease Purchase Contracts as set forth herein shall be and is hereby made by Seller to Purchaser without recourse and "as is", without representation or warranty, either expressed or implied, of any kind by Seller, whether as to the effectiveness or enforce ability of the Lease Purchase Agreements.

3. Purchaser hereby acknowledges that any and all information of any type regarding the Lease Purchase Agreements that the Purchaser has received or may receive from Seller or Seller's employees or agents is furnished on the express condition that Purchaser shall or would make an independent verification of the accuracy of any and all information, all such information being furnished without any representation or warranty whatsoever.

4. Purchaser hereby ASSUMES and agrees to perform from this date forward all of Seller's covenants and obligations contained in the Lease Purchase Agreements and hereby

indemnifies and holds Seller harmless from and against all liability, cost, damage, or expense, including reasonable attorney's fees, suffered or incurred by Seller as a result of any alleged failure of Purchaser to perform such covenants or obligations.

5. This Agreement shall be binding on and inure to the benefit of the parties hereto, their, successors in interest and assigns.

IN WITNESS WHEREOF, the parties hereto have executed this Assignment and Assumption of Lease Purchase Agreements as of the 3rd day of November, 2014.

SELLER:

BEACON NATIONAL INVESTMENT GROUP, INC.

By: ____________________
Marvin J. "Blake" Barnes, President

____________________
Marvin J. "Blake" Barnes, Individually

PURCHASER:

AMERICAN CREDIT CORPORATION OF MISSISSIPPI, LLC

By: ____________________
Heath Jenkins, Managing Member

____________________
Heath Jenkins, Individually

____________________
Nathan Lott, Individually

Parcel 48: 0794-112 - 18271 Simmons Drive, Saucier, MS 39574

Lot 18, Saucier West Old Highway 49 Acres Subdivision, Phase II